348 P.2d 563

**Bernard L. ROSE, d/b/a Commercial Factors, Plaintiff and Respondent,**

v.

**Louis STRIKE, Defendant and Appellant.**

No. 9097.

Supreme Court of Utah.

Jan. 25, 1960.

Rich, Elton & Mangum, Salt Lake City, for appellant.

Merrill K. Davis, Bernard L. Rose, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment for plaintiff. Both parties moved for summary judgment on admitted facts incorporated in a pre-trial order. Affirmed with costs to plaintiff.

Rose and Strike were assignees of money due from Convair Co. to Roestenburg, in respective amounts of $2,305 and $4,071. The aggregate thereof ($7,376) was paid to Roestenburg by Convair's check. Roestenburg asked Strike if he would take the check and pay Rose his portion, or if he should give it to Rose to make the division. Strike said, "Give me the check." This was done on August 5, 1959. Learning of it, Rose asked Strike to give him his share on the 8th, but Strike refused to do so, directing Rose to contact Roestenburg. Rose did so, and received what proved to be a worthless check from Roestenburg. Strike continued to keep the Convair check for three more days, when, on the 11th he deposited it, simultaneously taking Roestenburg to his, Strike's bank, where he identified him as the payee on a check Strike gave in the identical amount owed to Rose. Roestenburg cashed the check and pocketed the money. Two days later, on the 13th, Roestenburg consented to a judgment in favor of Strike, foreclosing Roestenburg of all his assets and business.

It is urged that a no cause of action judgment should have been entered as a matter of law. Also, that the trial court in not rendering a memorandum opinion stating the basis of the decision, left Strike at sea as to why judgment was entered against him.

On the facts of this case it would appear that Rose had a legitimate claim against Strike on at least one and perhaps more theories. Certainly Strike converted Rose's portion of the Convair check when he refused to pay Rose on demand and held the check for three more days, depositing the entire amount thereof in his own account, and refusing to carry out Roestenburg's original interdiction for Strike to pay Rose the latter's share of the check. At any rate, we will indulge ourselves in assuming that the trial court concluded as he did on a proper theory. The record disclosed no request for such an opinion and no exception to the lack of it.

We are not of the opinion that Strike, obviously obligated to Rose when the latter made demand for his share of the check, could turn on and off at pleasure, an obligation to account to Rose. We con-

sider that he justifiably could not convert an obvious conversion into an insulated defense by diverting Rose to Roestenburg, keeping Rose's portion of the Convair check, depositing it in his personal account, and virtually paying Rose's share to Roestenburg in cash,—and then two days later joining with a most willing foreclosee by consent, in taking over all the latter's assets and business, and wiping him out completely. The excellent and able brief of learned counsel for the appellant neither convinces us that Rose had no compensable claim against Strike, nor that this is not a most unusual case.

CROCKETT, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.